UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANNA M. MacLEOD,

       Plaintiff,

                                  Case Number 12-12868

v.                                  Honorable Thomas L. Ludington

ARCH INSURANCE COMPANY,

       Defendant.

_____ /

**ORDER DIRECTING BRIEFING ON AMOUNT IN CONTROVERSY**

In May 2012, Plaintiff Anna MacLeod filed a complaint against Defendant Arch Insurance Company in the Isabella County Circuit Court for benefits under Michigan's No-Fault Act. The complaint alleges that during the course of Plaintiff's employment, she was injured. As a result, the complaint further alleges, she incurred health-care expenses, loss of earnings, and replacement services that Defendant is obligated to pay to Plaintiff. Plaintiff alleged the amount in controversy exceeded $25,000.

In June 2012, Defendant removed the case to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332. ECF No. 1. Section 1332 provides that federal district courts have original jurisdiction of all civil actions "between . . . citizens of different States" where the amount in controversy exceeds $75,000.

Following removal, an order was entered directing the parties to submit materials for the case management order. ECF No. 4. Both parties did so. Plaintiff provided a statement of her claim asserting that this Court lacks subject matter jurisdiction because "Plaintiff is not seeking damages that exceed $75,000." Plaintiff has not, however, yet stipulated that her damages will

not exceed $75,000.  *Compare Kennard v. Harris Corp.*, 728 F. Supp. 453, 454–55 (E.D. Mich.1989) (declining to remand case after the plaintiff declined to stipulate that her damages would not exceed amount in controversy), *with Workman v. Kawasaki Motors Corp., U.S.A.*, 749 F. Supp. 1010 (W.D. Mo. 1990) (remanding case after the plaintiff submitted stipulation providing that he "irrevocably agrees that the amount of damages claimed by him in this action 'is and will forever be less' than [the amount in controversy]"); *see generally* 77 C.J.S. *Removal of Cases* § 162 ("[W]here the plaintiff makes a binding stipulation that the amount in controversy will not exceed the jurisdictional amount, a remand is proper.").

Accordingly, it is **ORDERED** that Plaintiff is **DIRECTED** to identify in writing via brief supported by sworn affidavit on or before **August 8, 2012**, whether she agrees that the amount in controversy in this action will not exceed $75,000.  Defendant may respond on or before **August 15, 2012**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 26, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 26, 2012

s/Tracy A. Jacobs
TRACY A. JACOBS